UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEVEN HASTINGS                                                                    PLAINTIFF
ADC #171672

V.                          No. 3:20CV190-KGB-JTR

DAVID RORWOOD, Sheriff, Ouachita
County; CAMERON OWEN, Ouachita
County Jail Administrator; ROY AGEE,
Act 309 Coordinator/Classification Director,
Arkansas Division of Correction; ANGELA
WEST, Mail Room Coordinator, Pine Bluff
Unit; and DOES, Food Service, Ouachita County
Jail; LPN, Ouachita County Jail; Disciplinary
Officer, Pine Bluff Unit                                                           DEFENDANTS

# ORDER

Plaintiff, Steven Hastings ("Hastings"), a prisoner in the North Central Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights while he was an Act 309[1] inmate at the Ouachita County Jail ("OCJ"), and, shortly thereafter, for actions related to his incarceration at OCJ. *Doc. 2*.

## I.      Background

---

[1] Act 309 is an inmate program operated by ADC, with cooperation from counties and cities. It allows State prison inmates who meet certain criteria to be housed temporarily in county or city operated detention facilities and perform certain services in and around the facility under the direction and supervision of the sheriff, chief of police or their designee. *Brown v. Moore*, 93 F. Supp. 3d 1032, 1037, n.4 (W.D. Ark. 2015).

### A. Hastings's Original Complaint

Specifically, Hastings original Complaint (*Doc. 2*) alleges that during September and October of 2019: (1) Defendant David Rorwood ("Rorwood"), the Ouachita County Sheriff, Defendant Cameron West ("C. West"), the OCJ Jail Administrator, and Defendant "Jan Doe," the OCJ Nurse ("Nurse Doe"), violated his rights when they unilaterally changed his job assignment from outdoor clean-up work to indoor office work due to concerns about his health, even though Hastings believed he could do the outdoor work; (2) Defendant "Joe Doe," the OCJ Food Service Manager ("FSM Doe"), enforced Hastings's diet script from the ADC, even though the ADC had not been enforcing the script prior to Hastings's transfer to OCJ; (3) he was improperly removed from the Act 309 program at OCJ, after he refused to eat or take his medication for two days; (4) Defendant Roy Agee, ("Agee") the ADC's Act 309 Coordinator, or someone on his behalf, alleged false disciplinaries against Hastings related to his time at OCJ; (5) Defendant "Jan Doe," the Disciplinary Officer at the Pine Bluff Unit of the ADC ("Officer Doe"), impermissibly communicated with others during the disciplinary hearing, and wrongly found him guilty of not following rules and refusing to eat and take his medicine at OCJ; and (6) Defendant Angela West, ("A. West") the mail room coordinator at the Pine Bluff Unit of the ADC, did not mail Hastings's Step Two appeal challenging the disciplinaries received from his incidents at OCJ. *Doc. 2*.

### B. Hastings's Amended Complaint

Hastings subsequently filed an Amended Complaint alleging his constitutional rights were violated in August 2020, by five different Defendants, while he was incarcerated at the ADC's North Central Unit. *Doc. 4*. The Amended Complaint more specifically alleges that Hastings was assigned field utility duty at the North Central Unit, but that his medical conditions should have prevented him from having to do this work assignment, since he was reassigned from a similar job assignment at OCJ because of concerns about his health. *Id.* Hastings refused to perform the assigned field utility job at the North Central Unit, citing his medical conditions, but was nonetheless charged with a major disciplinary for his refusal. *Id.* Hastings alleges constitutional violations regarding the disciplinary charge, the field duty job assignment, the decision of the North Central Unit health administrator who said he could do the field utility work, and an ADC doctor's refusal to grant Hastings a mental health examination. *Id*.

## II.  Discussion

### A. Severing the Amended Complaint

Multiple defendants may be joined in one lawsuit *only if* the claims against them: (1) arise "out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) involve "any question of law or fact common to all

defendants." Fed. R. Civ. P. 20(a)(2); *see also* Fed. R. Civ. P. 21 (providing that a court may *sua sponte* "add or drop" an improperly joined party or "sever" any claim). Additionally, a prisoner cannot attempt to defeat the filing fee requirements in § 1915 by joining unrelated and legally distinct claims in one lawsuit. *See Bailey v. Doe*, 434 Fed. Appx. 573, 573 n.1 (8th Cir. 2011) (noting trial court's decision to sever a prisoner's complaint into three separate actions and obligating him to pay three separate filing fees appeared to have warranted).

Hastings's "Amended Complaint," which involves different decisions, by different Defendants, concerning different conduct, at a different prison, nearly a year removed from the allegations in the original Complaint, does not arise out of the same series of transactions or occurrences as the claims in Hastings's original Complaint, and therefore the Court will *sua sponte* sever the Amended Complaint from the original Complaint. *Id.*

The original Complaint will remain. The severed Amended Complaint will be dismissed, without prejudice. If Hastings wishes to do so, he can assert the claims in his "Amended Complaint" in a separate, newly filed § 1983 action, which will require its own filing fee. Hastings is cautioned that, unless he fully and completely exhausts his administrative remedies regarding those claims, before filing suit, his case will be dismissed. *See Johnson v. Jones*, 340 F.3d 624, 626-28 (8th Cir. 2003) ("Under the plain language of section 1997e(a), an inmate must exhaust

administrative remedies *before* filing suit in federal court. … If exhaustion was not completed at the time of filing, dismissal is mandatory.") (emphasis in the original).

### B. Venue of Hastings's Original Complaint

Of the Defendants named in the original Complaint, Defendants Rorwood, C. West, Nurse Doe, and FSM Doe all work at the OCJ, located in Camden, Ouachita County, Arkansas. In contrast, Defendants Officer Doe and A. West work in the ADC's Pine Bluff Unit in Pine Bluff, Arkansas, and Defendant Agee works at the ADC's Central Office in Pine Bluff.

The federal venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(b). The events giving rise to this action occurred at the OCJ, which is in Ouachita County, Arkansas. Similarly, the majority of the Defendants, and those most directly involved with the actions Hastings complains of, work in, and presumably reside in Ouachita County.

Ouachita County is located in the Western District of Arkansas. The Court concludes that the interest of justice will best be served by transferring the case to the United States District Court for the Western District of Arkansas. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might have been brought[.]").

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Amended Complaint (*Doc. 4*) is IMMEDIATELY SEVERED from this case and DISMISSED, without prejudice.

2. The remaining case shall then be TRANSFERRED to the United States District Court for the Western District of Arkansas.

DATED this 9th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE